# 99 DTA 138

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE PONCE Y AIBONITO**

R&G MORTGAGE CORP.
Demandante-Apelada

v.

JOSE JULIAN PAGAN VARGAS, JANIS LADY MEDINA DE LOS SANTOS Y LA SOCIEDAD LEGAL DE
GANANCIALES COMPUESTA POR AMBOS
Demandados-Apelantes
Núm. KLAN-98-01077

San Juan, Puerto Rico, a 24 de marzo de 1999

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Aponte Jiménez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Los demandados-apelantes, el señor José Julián Pagán Vargas, la señora Janis Lady Medina De Los Santos y la Sociedad Legal de Bienes Gananciales por ambos compuesta, nos solicitan la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual ese tribunal declaró con

lugar una demanda de ejecución de hipoteca presentada por R&G Mortgage Corp. *("R&G")* en su contra. A la luz de los fundamentos que a continuación exponemos, revocamos la sentencia apelada.

Los hechos y eventos relevantes, según se desprenden del expediente ante nuestra consideración, son los siguientes: Los demandados-apelantes suscribieron un pagaré hipotecario a favor de R&G. Para garantizar la deuda constituyeron una primera hipoteca sobre un bien inmueble de su propiedad. La cláusula 9 (e) de la escritura de hipoteca otorgada dispone como sigue:

*"9(e). Bases para la Aceleración de la Deuda.*

*(e) Hipoteca no asegurada. El Deudor Hipotecario conviene que si esta Hipoteca y el Pagaré por ella garantizado no fueran elegibles para ser asegurados bajo la Ley Nacional de Vivienda dentro de noventa (90) días desde esta fecha, el Acreedor Hipotecario podrá requerir, a opción suya, y no obstante lo dispuesto en el párrafo 10, el pago total inmediato de todas las sumas garantizadas por esta Hipoteca. La declaración por escrito de cualquier agente autorizado del Secretario fechada con posterioridad de noventa (90) días de la fecha de ésta, negándose a asegurar esta Hipoteca y el Pagaré, se considerará prueba concluyente de tal inegibilidad. No obstante lo anterior, esta opción no podrá ser ejercitada por el Acreedor Hipotecario cuando la no disponibilidad del seguro se deba únicamente a que dicho acreedor no haya remitido al Secretario la prima del seguro hipotecario."*

En la demanda sobre ejecución de hipoteca por la vía ordinaria R&G aludió al párrafo antes citado. Alegó que la deuda hipotecaria no fue asegurada por el Departamento de Vivienda y Desarrollo Urbano Federal (HUD) debido al incumplimiento de los deudores hipotecarios con los pagos mensuales, razón por la cual, al amparo de la transcrita cláusula, tomó la decisión de acelerar el pago de la deuda y ejecutar la propiedad que la garantizaba al no realizarse el pago. Los demandados contestaron y presentaron una reconvención. Arguyeron, en esencia, que estaban al día en los pagos de la hipoteca y que el reclamo de la parte demandante-apelada estaba basado en una cláusula *"[i]njusta e ilícita de un contrato de adhesión."*

Luego de varios incidentes procesales y la celebración de una vista, el tribunal *a quo* emitió la sentencia que nos ocupa. Determinó, en síntesis, y como cuestión de hecho, que: 1) Existía un pagare y una garantía hipotecaria suscrita por los demandados-apelantes a favor de R&G; 2) Entre las condiciones establecidas en la escritura de hipoteca otorgada por las partes estaba la provista en la aludida cláusula 9(e); 3) El Secretario del Departamento de la Vivienda federal decidió no asegurar la mencionada deuda hipotecaria por el siguiente fundamento: *"Payment history is not acceptable"* y 4) El historial de pagos de los deudores hipotecarios fue el siguiente: el plazo vencido el 1ro. de junio de 1995 se pagó el 13 de ese mismo mes; el plazo vencido el 12 de julio de 1995 se pagó el 8 de agosto de ese año; el plazo vencido el 1ro. de agosto de 1995 se pagó el 30 de ese mes; y el plazo vencido el 19 de septiembre se pagó el 14 de ese mes; 5) Ese patrón de pagos fue el motivo por el cual el Departamento de Vivienda federal se negó a asegurar la deuda de los demandados. Asimismo, concluyó que la susodicha cláusula 9(e) era perfectamente válida.

Conforme a su interpretación y aplicación de la misma determinó que R&G tenía el derecho a declarar la aceleración del pago total de la deuda y proceder a la ejecución de la hipoteca constituida sobre el inmueble propiedad de los demandados. Ello debido a que el Departamento de Vivienda federal no aseguró la deuda hipotecaria dado el *"pobre"* historial de pagos de los demandados. ■

Inconformes, los demandados-apelantes acuden ante este Foro. Nos señalan que incidió el tribunal apelado al determinar que fue válida la aceleración del pago total de la deuda ejercida por R&G. Se basan en que la solicitud de aseguramiento fue sometida por R&G a HUD, ciento diez (110) días después del cierre cuando la

reglamentación vigente señala que los casos deben ser sometidos para esos fines dentro de los treinta (30) días siguientes al cierre y que si se somete entonces un caso a HUD pasados sesenta (60) días del cierre, el acreedor solicitante debe someter un historial de refleje los pagos recibidos del deudor. Aducen que rechazado el caso por HUD, dicha agencia le indicó que podía volver a someter el caso luego de transcurridos seis (6) meses. Concluye que la demora incurrida por R&G le impide acudir a la referida cláusula para acelerar la deuda. A juicio nuestro tienen razón.

De entrada, resulta de rigor hacer un pronunciamiento en el sentido de que el pagaré y la hipoteca en cuestión son contratos de adhesión. Nadie duda que el deudor hipotecario, en este tipo de transacción, está impedido de alterar las cláusulas de la hipoteca. En ese sentido, si bien la cláusula 9(e) contenida en la hipoteca es válida, por razón de que su redacción resulta poco clara respecto a la elegibilidad del pagaré y la hipoteca a los cuales se refiere, debe interpretarse de la manera más liberal a favor de la parte que no tuvo participación en la redacción del contrato. Véase, *Herrera v. First Nat'l City Bank,* 103 D.P.R. 724 (1975); *Zequeira v. Municipal Housing Hospital,* 83 D.P.R. 878 (1961). La cláusula en virtud de la cual R&G declaró la aceleración de la deuda dispone, en esencia, que si la hipoteca o el pagaré no fueran *"elegibles"* para ser asegurados bajo la Ley Nacional de Vivienda, el banco hipotecario podría acelerar la deuda. Empero, no hemos encontrado que el término elegible esté definido. R&G sometió a HUD el pagaré y la hipoteca suscrita por los demandados-apelantes. El Departamento le envió un *"non-endorsement notice"* informándole a R&G que el historial de pago del deudor no era aceptable. En ningún lugar de tal notificación se informa que el pagaré o la hipoteca no son elegibles bajo la Ley Nacional de Vivienda. Más aún, de su propia faz surge que el caso puede ser sometido nuevamente luego de las correcciones necesarias lo que, a juicio nuestro, significa que su elegibilidad no está siendo rechazada.

Es importante destacar, de otro lado, que R&G no exhibió la diligencia que conforme la reglamentación aplicable se espera en el trámite para lograr el aseguramiento de la acreencia a través de HUD. Según se desprende del Single Family Direct Endorsement Program, Handbook 4000.4, Capítulo 3, 3-22, R&G debió someter el caso dentro de los treinta (30) días luego de cerrada la hipoteca. No lo hizo en dicho período. Peor aún, sometió el caso luego de transcurridos sesenta (60) días desde el cierre. Ello obligó a R&G utilizar el procedimiento para solicitudes tardías *("Late Request For Endorsement"),* conforme lo provee el *"Handbook"* 4165.1 del *"Endorsement for Insurance for Home Mortgage Program (Single Family)"* promulgado por HUD. En virtud de este último panfleto tuvo que someter el historial de pagos *("payment ledger")* de la hipoteca suscrita por los demandados-apelados. Aunque ello ocasionó la notificación de *"non-endorsement notice"* de HUD, aún así no significa que la hipoteca definitivamente no sea elegible para participar del programa de seguros hipotecarios federal. Todo lo contrario, como ya reseñamos, conforme lo señala HUD, este caso puede ser sometido para endoso luego de transcurrir seis (6) plazos de pago. ■

Ahora bien, comoquiera, al interpretar la cláusula de aceleración del contrato de adhesión liberalmente a favor de los contratantes que no participaron en su redacción, concluimos también que R&G ejerció prematuramente su derecho a declarar acelerada la deuda. Dicha parte debió realizar todas las gestiones que tenía disponible para someter nuevamente a la consideración del Departamento de Vivienda y Desarrollo Urbano federal el pagaré y la hipoteca suscritos por los demandados-apelantes antes de acudir al trámite de acelerar la deuda por motivo de falta de elegibilidad. Sólo cuando hubiese agotado todas las posibilidades de obtener la aprobación del endoso directo de la hipoteca por dicho Departamento, y de ser éstas infructuosas, es que R&G podría acelerar.

De otro lado, no hay duda de que la falta de diligencia de R&G fue el factor determinante para que el historial de pago de los demandados-apelantes afectara el proceso de endoso del pagaré y la hipoteca. Si R&G hubiese sometido el caso dentro de los treinta días de haberse formalizado el cierre, no se hubiesen configurado

las circunstancias por las cuales, en estos momentos, el Departamento de Vivienda y Desarrollo Urbano decidió no endosar el pagaré y la hipoteca. Bajo estas particulares circunstancias, sería injusto permitirle a R&G utilizar la cláusula de aceleramiento de la deuda de la forma que lo hizo, ▊ máxime cuando la notificación negando el endoso en estos momentos no es definitiva y el caso se puede someter nuevamente.

Con estos antecedentes, revocamos la sentencia apelada y declaramos sin lugar la demanda instada. Consiguientemente, R&G podrá retirar los fondos consignados a su favor para el pago de las mensualidades vencidas y proceder de forma compatible con lo aquí resuelto.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 138

**1.** Valga aclarar que del récord sólo se desprende un atraso en las mensualidades. Los demandados aducen que el pago que se efectuó fuera del mes en que vencía se debió a un problema con el franqueo del cheque. R&G no cuestiona tal explicación.

Por otra parte, los demandados-apelantes han estado consignando los pagos mensuales en el tribunal. Para el 13 de febrero de 1998 se había consignado la cantidad de $17,247.02 a favor de R&G.

**2.** El mencionado *"Handbook"* 4165.1 dispone lo siguiente:

*"If a payment is made outside the calendar month due, the lender cannot submit the case for endorsement until six consecutive payments have been made within the calendar month due."*

A juicio nuestro, esta directriz abona a la interpretación que más adelante realizamos de la cláusula 9(e) de la hipoteca. Habiéndose realizado uno de los pagos fuera del mes calendario en el que vencía, R&G debió esperar seis meses para someter el caso. R&G fue quien se colocó en esa posición al no realizar diligentemente las gestiones conducentes a conseguir el endoso del Departamento de Vivienda federal, entonces acelerar el pago de la deuda conforme dispone la cláusula 9 (e) de la escritura de hipoteca. Existiendo la posibilidad de que el pagaré y la hipoteca sean endosados, no podemos concluir que los mismos son inelegibles bajo la Ley Nacional de Vivienda.

**3.** Surge del expediente que R&G ni siquiera le hizo un requerimiento de pago a los demandados-apelantes. Más bien, aceleró el pago total de la deuda y procedió a ejecutar judicialmente la propiedad que garantizaba el pago.